```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

SHELDON GREEN,                    )
                                  )
    Plaintiff,                    )
                                  )
v.                                )   No. 21-cv-2518-JPM-tmp
                                  )
FEDEX SUPPLY CHAIN, INC.,         )
                                  )
    Defendant.                    )
_____

                     REPORT AND RECOMMENDATION
_____

Before the court is *pro se* plaintiff Sheldon Green's Motion for Judgment as a Matter of Law filed on October 7, 2021. (ECF No. 23.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. For the reasons below, the undersigned recommends that the Green's motion be denied.

### I.   PROPOSED FINDINGS OF FACT

This action was filed by Sheldon Green on July 2, 2021, in Tennessee Circuit Court. (ECF No. 1.) On August 11, 2021, defendant FedEx Supply Chain, Inc. ("FedEx") removed to this court. (Id.) Green filed a *pro se* amended complaint on August 13, 2021, which contained allegations of defamation, libel, unlawful termination, and religious discrimination. (ECF No. 8.)

On October 7, 2021, Green filed a Motion for Judgment as a Matter of Law. (ECF No. 23.) Green's motion states the following:

- Unlawful termination has been easily proven in initial disclosures and defendant violated the Americans with disabilities act (ADA)
- Slander in a calumnious manner is easily proven on the defendant's part because plaintiff caught them talking about it and openly lying about it
- Defendant already admitted to libel in amendment even though Plaintiff is no threat to himself or others but published a picture with misleading text suggesting not to let me in because I might be a potential threat, even though that is completely false, and they know it but the damage was already done. Plaintiff has no reason to come in anyways.
- Defendant doesn't even pursue Assault allegations nor money for that because they clearly understand that it never happened, and they facilitated this. Nor do they even make mention of allegations in initial disclosures yet denying it in the answer to complaint but making no good excuse.
- Religious discrimination is easily proven in complaint and amendment.

What jury will ever find in favor of a large corporation that made the Plaintiff, who was just telling people about God, look like a rapist, lie about it and doesn't even go as far as to offer relief to assumed affected individuals. Defendant has only tried to prove lawful termination and no longer wants to debate on the issues of assault allegations, slander, libel, and religious discrimination. This has caused severe stress, not just on the Plaintiff but the defendants' lawyer for defending such egregious acts on FedEx's part. It shouldn't be a question of if the jury will find in favor of defendant, but what human being or corporation would be on their side? This will ruin their reputation so I pray the judge just makes them pay Plaintiff because they have every intention of stretching this out to further protect what they can.

FedEx filed a Motion for Extension of Time to Respond to Plaintiff's Motion for Judgment as a Matter of Law. (ECF No. 25.)

In their motion, FedEx expressed uncertainty about whether Green's motion was intended to be a motion for judgment on the pleadings under Federal Rule of Civil Procedure ("FRCP") 12(c) or a motion for summary judgment under FRCP Rule 56. (ECF No. 25 at 1.) FedEx requested an extension of time until June 12, 2022, to respond to Green's motion. (Id. at 2.) The undersigned granted Fedex's motion in part, extending their deadline to file a response until November 15, 2021. (ECF No. 26.) Subsequently, Green filed an objection to Fedex's motion, in which he clarified that he was seeking Judgment as a Matter of Law under FRCP Rule 50(a). (ECF No. 27.) Fedex filed a response to Green's Motion for Judgment as a Matter of Law on November 8, 2021. (ECF No. 28.) On the same day, Green filed a reply, titled "Plaintiff's Statement of facts (part 2) regarding Motion for Judgment as a Matter of Law." (ECF No. 29.)

## II. PROPOSED CONCLUSIONS OF LAW

FRCP 50(a) provides:

(1) *In General*. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

(2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted

> to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Green's Motion fails to meet the requirements of FRCP 50(a). The matter has not yet reached trial and is not before a jury. In his motion, Green does not specify the judgment sought, nor does he provide the law and facts demonstrating he is entitled to the judgment. Green simply provides conclusory allegations and an opinion that no jury could find in FedEx's favor. Accordingly, it is recommended that Green's Motion for Judgement as a Matter of Law be denied.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Green's Motion for Judgment as a Matter of Law be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 10, 2021
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS**

**MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**