# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHELDON GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:21-cv-02518-JPM-tmp |
| | ) |
| FEDEX SUPPLY CHAIN, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Before the Court is the Report and Recommendation of Chief United States Magistrate Judge Tu M. Pham filed on November 10, 2021 (ECF No. 30) with respect to *pro se* Plaintiff Sheldon Green's ("Green") Motion for Judgment as a Matter of Law (ECF No. 23). The Magistrate Judge recommends that the Court deny Plaintiff's Motion. (ECF No. 30 at PageID 80.) Plaintiff filed a timely objection to the Magistrate Judge's Report on November 16, 2021 (ECF No. 31) and a document entitled Plaintiff's Closing Arguments to Judge's R&R on November 17, 2021 (ECF No. 32). Defendant, FedEx Supply Chain, Inc. ("FSC"), filed a Response to Plaintiff's Objections to Report and Recommendation on November 24, 2021. (ECF No. 34.)

Upon de novo review, the Court ADOPTS the Report and Recommendation of the Magistrate Judge and DENIES Plaintiff's Motion for Judgment as a Matter of Law.

**I.   BACKGROUND**

This Motion is before the Court in Green's action for workplace "calumny and slander" against FedEx. (Am. Compl., ECF No. 8 at PageID 24.) Green commenced this action in

Tennessee state court on July 2, 2021 (see Compl., ECF No. 1 at PageID 7), and Defendant removed the case to this Court on August 11, 2021 (ECF No. 1 at PageID 3–4.)  On August 13, 2021, Green filed a *pro se* amended complaint, in which he alleges "religious discrimination, unlawful termination, defamation of character, and libel etc[.]"  (ECF No. 8 at PageID 24.)

The deadline for completing all discovery is March 15, 2022.  (ECF No. 17 at PageID 53.) The deadline for filing dispositive motions is May 15, 2022 (id.), and a jury trial is set for August 22, 2022 (ECF No. 19).

On October 7, 2021, Green filed a Motion for Judgment as a Matter of Law.  (ECF No. 23.)  The Motion states in its entirety:

- Unlawful termination has been easily proven in initial disclosures and defendant violated the Americans with disabilities act (ADA)
- Slander in a calumnious manner is easily proven on the defendant's part because plaintiff caught them talking about it and openly lying about it
- Defendant already admitted to libel in amendment even though Plaintiff is no threat to himself or others but published a picture with misleading text suggesting not to let me in because I might be a potential threat, even though that is completely false, and they know it but the damage was already done. Plaintiff had no reason to come in anyways.
- Defendant doesn't even pursue Assault allegations nor money for that because they clearly understand that it never happened, and they facilitated this. Nor do they even make mention of allegations in initial disclosures yet denying it in in the answer to complaint but making no good excuse
- Religious discrimination is easily proven in complaint and amendment

What Jury will ever find in favor of a large corporation that made the Plaintiff, who was just telling people about God, look like a rapist, lie about it and doesn't even go as far as to offer relief to assumed affected individuals. Defendant has only tried to prove lawful termination and no longer wants to debate on the issue of assault allegations, slander, libel, and religious discrimination. This has caused severe stress not just on the Plaintiff but the defendants' lawyer for defending such egregious acts on FedEx's part. It shouldn't be a question of if the jury will find in favor of the defendant, but what human being or corporation would be on their side? This will ruin their reputation so I pray the judge just

>  makes them pay Plaintiff because they have every intention of stretching this out to further protect what they can.

(Id.)

Defendant filed a Motion for Extension of Time to Respond to Plaintiff's Motion for Judgment as a Matter of Law on October 27, 2021. (ECF No. 25.) Defendant stated, "While not clear on the face of Plaintiff's motion, it appears he is seeking either a judgment on the pleadings under Rule 12(c) or summary judgment under Rule 56," contended that "Plaintiff's motion [was] premature," and requested an extension of time until June 12, 2022 for its response. (Id. at PageID 66–67.) Chief Magistrate Judge Pham granted Defendant's Motion in part, giving it until November 15, 2021 to respond to Plaintiff's Motion. (ECF No. 26.) Plaintiff then filed an Objection to Defendant's Motion, clarifying that he was seeking Judgment as a Matter of Law pursuant to Rule 50(a). (ECF No. 27 at PageID 74.) In the same ECF filing, he also included a "Statement of facts regarding motion for Judgment as a matter of law." (Id. at PageID 75.) On November 8, 2021, Defendant filed a Response to Plaintiff's Motion for Judgment as a Matter of Law. (ECF No. 28.) The same day, Green filed a document entitled, "Plaintiff's Statement of facts (part 2) regarding Motion for Judgment as a Matter of Law." (ECF No. 29.)

On November 10, 2021, Chief Magistrate Judge Pham filed a Report and Recommendation, which recommended that Plaintiff's Motion be denied. (ECF No. 30.) On November 16, 2021, Green filed Objections to R&R Regarding Judgment as a Matter of Law. (ECF No. 31.) Plaintiff filed an additional document entitled "Plaintiff's closing arguments to Judge's R&R." (ECF No. 32.) On November 24, 2021, Defendant filed a Response to Plaintiff's Objections to Report and Recommendation. (ECF No. 34.) Finally, on November 29, 2021, Plaintiff filed a document with a section entitled "Plaintiff charges Defendant with another count

3

of perjury" and a section entitled "Objection to Defendant's Objections in response to R&R. (ECF No. 37.)

## II. LEGAL STANDARD

### A. Standard of Review

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless"). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See id. at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

### B. Judgment as a Matter of Law – Rule 50(a)

Federal Rule of Civil Procedure 50(a) provides:

(1) *In General*. **If a party has been fully heard on an issue *during a jury trial*** and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
(A) resolve the issue against the party; and

4

> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> (2) *Motion*. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a) (emphasis added).

### III. ANALYSIS

Chief Magistrate Judge Pham's Report and Recommendation made the following Proposed Conclusion of Law:

> Green's Motion fails to meet the requirements of FRCP 50(a). The matter has not yet reached trial and is not before a jury. In his motion, Green does not specify the judgment sought, nor does he provide the law and facts demonstrating he is entitled to the judgment. Green simply provides conclusory allegations and an opinion that no jury could find in FedEx's favor. Accordingly, it is recommended that Green's Motion for Judgement as a Matter of Law be denied.

(ECF No. 30 at PageID 83.)

Although Defendant contends that "Plaintiff fails to make any specific objection to any of the findings in the Report and Recommendation," the Court finds that Plaintiff's objections may be construed to specifically respond to the Proposed Conclusions of Law in the Report and Recommendation. Thus, the Court reviews these conclusions of the Report and Recommendation de novo. Fed. R. Civ. P. 72(b)(3).

#### A. Plaintiff Has Not Met the Requirements for a Motion for JMOL

Plaintiff suggests that he objects to the Report and Recommendation's finding that he "does not specify the judgment" that he seeks "nor does he provide the law and facts demonstrating he is entitled to the judgment." (ECF No. 30 at PageID 83.) (See ECF No. 31.) A motion for judgment as a matter of law "must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2).

5

Plaintiff has "specif[ied] the judgment sought" but not "the law and facts that entitle [him] to [that] judgment." Id.  Upon de novo review of Plaintiff's Motion itself, the Court finds that Plaintiff does not request any judgment other than stating, "I pray the judge just makes [Defendant] pay Plaintiff." (ECF No. 23.)  In Plaintiff's "Statement of facts (part 2) regarding Motion for Judgment as a Matter of Law," however, he states, "Plaintiff is asking the Judge to issue a verdict in favor [of] the plaintiff, granting the plaintiff his prayer for relief: An accommodation of all employees, to keep the Lord's Sabbath and to award the plaintiff 30 million in pain and suffering." (ECF No. 29.)  Recognizing Plaintiff's *pro se* status and construing Plaintiff's additional filings as part of his Motion, Plaintiff has articulated the judgment he is seeking.  In his Motion and statements of facts, however, Plaintiff cites no law other than broadly asserting that Defendant "violated the Americans with disabilities act (ADA)" with respect to "unlawful termination," and alleging "slander," "libel," and "religious discrimination." (ECF No. 23.) (See also Statement of Facts Pt. 1, ECF No. 27 at PageID 75; Statement of Facts Pt. 2, ECF No. 29.)  Meanwhile, the proffered facts that Plaintiff includes to show that his legal conclusions are "easily proven" are merely unfounded allegations. (Id.) (See also Statement of Facts Pt. 1, ECF No. 27 at PageID 75; Statement of Facts Pt. 2, ECF No. 29.)  In his "Objections to R&R Regarding Judgment as a Matter of Law," Plaintiff once again, although citing various (largely irrelevant) legal authorities,[1] merely asserts various charges[2] against Defendant and then applies unsubstantiated allegations to the legal elements to conclude that "[a]ll the facts and law favor the plaintiff" entitling him to judgment as

---

[1] For example, Plaintiff claims "Defendant has committed Perjury under 18 U.S. Code § 1621" but then cites to the California Code of Civil Procedure in listing the "elements of perjury." (ECF No. 31 at PageID 85.)  Plaintiff additionally claims that "Defendant is guilty of Conspiracy [under] 18 U.S.C. 371," which is the Code section covering conspiracy to commit an offense against, or to defraud, the United States. (Id. at PageID 88.) (some emphasis omitted.) See also 18 U.S.C. 371.  Yet Plaintiff then cites to a definition of common-law conspiracy from case law. (ECF No. 31 at PageID 88.) (citing Whitfield v. United States, 453 U.S. 209 (2005).)

[2] Plaintiff asserts unlawful termination, as well as, for the first time, criminal theories of perjury and conspiracy. (Id. at PageID 85–88.)

6

a matter of law. (ECF No. 31 at PageID 85–89.) Plaintiff does the same in the document entitled "Plaintiff's closing arguments to Judge's R&R," in which he additionally alleges that Defendant violated Rule 37(a)(4). (ECF No. 32). None of these filings remedies the fact that Plaintiff's Motion fails to meet the requirements of Rule 50(a) as discussed above.

Plaintiff also indirectly suggests that he objects to the Chief Magistrate Judge's finding that his Motion "fails to meet the requirements of FRCP 50(a)" because "[t]he matter has not yet reached trial and is not before a jury." (ECF No. 30 at PageID 83.) In his Objections, he states, "Since rule 50 is commonly used to do away with frivolous cases that consume time, let us do away with what the defendant doesn't deny, which is [the] majority of the plaintiff's point." (ECF No. 31 at PageID 89.) Additionally, in his "Objection to Defendant's Objections in response to R&R," which functions as a reply, Plaintiff explicitly claims that his motion is not premature. (ECF No. 37 at PageID 103–04.) Specifically, to the point "that the case has not reached trial," he responds that "Rule 50(a) provides for a motion for judgment as a matter of law (JMOL) which may be made at any time before submission of the case to the jury." (ECF No. 37 at PageID 103.)

The plain language of Rule 50(a) dictates that the court may grant a motion for judgment as a matter of law "[i]f a party has been fully heard on an issue *during a jury trial* and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1) (emphases added). Plaintiff misinterprets the provision that a "motion for judgment as a matter of law may be made at any time before the case is submitted to the jury" to allow for his Motion, and for the Court's pronouncement upon it, at any stage in the litigation prior to submission to the jury, rather than as confined to the trial process and circumscribed by the requirements of Rule 50(a)(1). (ECF No. 37 at PageID 103) (referencing Fed. R. Civ. P. 50(a)(2).) Plaintiff suggests that his Motion is not "too early" because any finding

7

other than in his favor "would be erroneous as a matter of law," and thus suggests there are no remaining questions of fact for the jury. (Id.) Plaintiff further states that "the Defense wants to wait until discovery" (see ECF No. 34 at PageID 96), contending in response that "Plaintiff has more than enough evidence to prosecute the defendant now and find the defendant guilty," that a jury is "[a]bsolutely not" "at liberty to disbelieve Plaintiff's [asserted evidence]," and that Defendant "should not reserve the right to introduce anything new into trial because they fully knew about issues and their [sic] lying . . . under penalty of perjury." (ECF No. 37 at PageID 104.) Plaintiff's arguments speak to the standard of Rule 50(a)(1) that requires the court to "find[] that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue" and does not change the fact that Plaintiff's Motion is not within the time period contemplated under the Rule. Fed. R. Civ P. 50(a)(1).

B. *Plaintiff's "Charges" of Contempt and Perjury Do Not Alter the Findings Above*

Plaintiff uses his Objections and related filings to attempt to both add a criminal charge of perjury against Defendant[3] and move the Court to hold Defendant in contempt of court for violating Rule 37.[4] (ECF No. 31 at PageID 85–86; ECF No. 32 at PageID 90–91; ECF No. 37 at PageID 102.) Plaintiff contends that "[a] person who has committed such a direct contempt may be punished without trial" and concludes:

---

[3] Plaintiff claims that Defendant committed perjury when it stated in its "preliminary statement" "'Defendant has not completed the investigation of all facts of this case, or in discovery in, or analysis of this matter, and has not completed preparation for trial." (ECF No. 31 at PageID 85.) Plaintiff claims that this statement "was false" because Defendant admitted in its initial disclosures that it had conducted a full investigation of the issues in the case when Plaintiff "was given time off." (Id.) Plaintiff further claims that Defendant again committed perjury by continuing to deny Plaintiff's accusations in its Response to the Report and Recommendation. (ECF No. 37 at PageID 102.)

[4] Plaintiff alleges that Defendant has violated Fed. R. Civ. P. 37(a)(4): *Evasive or Incomplete Disclosure, Answer, or Response*. (ECF No. 32 at PageID 90.) He states:
> The defendant has failed to provide the entirety of its own documented discussions conducted on their behalf on their premises, therefore they bear the burden of production. They do in fact have them in their possession, but for whatever reason omitted the plaintiff's testimonies and key points of information that provide the courts with half the truth. For that reason, they are in violation of [R]ule 37[(a)](4) . . . .

(ECF No. 32 at PageID 90.)

8

> In lieu of the defendant's absence of a rebuttal concerning Ms. Blackburn and Mrs. Vivianne, the defendant's false statements that amount to perjury, and the defendant's incomplete disclosure, the plaintiff is asking the judge to rule in the plaintiffs favor without a trial and dismiss this one-sided case[.]

(Id.) Thus, although perjury and contempt are not otherwise relevant to his Motion for Judgment as a Matter of Law or to the Report and Recommendation, the Court construes Plaintiff's argument as suggesting that the trial requirement of Rule 50(a)(1) need not be met if the Court instead rules for Plaintiff on one of these other grounds. The Court thus briefly addresses Plaintiff's arguments below.

Without addressing the merits of Plaintiff's accusation, the Court notes that perjury is a criminal charge, which Plaintiff cannot bring against Defendant in this civil case. Moreover, Plaintiff has not provided, nor can he provide, any authority suggesting that a perjury charge for a statement made during discovery would strip Defendant of its right to trial in the underlying civil case or in any way alter the timing requirements for the Court to rule on a Motion for Judgment as a Matter of Law. (See ECF No. 31 at PageID 85–86; ECF No. 37 at PageID 102.)

Next, Plaintiff has failed to follow the procedure that would enable the Court to hold Defendant in contempt or impose other sanctions. (See ECF No. 32 at PageID 91.) As Defendant asserts in its Response, Plaintiff has not made a motion for an order compelling disclosure or discovery, let alone included a certification that it "in good faith conferred or attempted to confer" with Defendant or the certificate of consultation required under the Local Rules. (ECF No. 34 at PageID 96–97.) (citing Fed. R. Civ. P 37(a)(1); Local Rule 7.2.) Simply put, no court order exists as to which Defendant could be found in contempt for failing to comply. See Fed. R. Civ. P. 37(b).[5] While procedural deficiencies are not the only shortcoming that the Court finds with

---

[5] Plaintiff also states that under Rule 70, "a party that fails to perform a specific act, in accordance with a judgement of a court, can be charged with contempt." (ECF No. 32 at PageID 91.) (referencing Fed. R. Civ. P. 70(a).) As Defendant contends, "Plaintiff has not alleged Defendant is seeking to thwart the Court's judgment by refusing to

9

Plaintiff's argument regarding contempt and denying Defendant a trial, they are more than enough to counter Plaintiff's Objections to the Report & Recommendation.  Plaintiff's Motion remains untimely (i.e., premature) and otherwise fails to meet Rule 50(a)'s requirements, and Plaintiff has not provided any other grounds on which the Court may determine the outcome of the case in Plaintiff's favor at this time.

IV.     **CONCLUSION**

Upon de novo review, the Court ADOPTS the Report and Recommendation of the Magistrate Judge in full.  Accordingly, Green's Motion for Judgment as a Matter of Law is DENIED.

**IT IS SO ORDERED**, this 27th day of January, 2022.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

comply with an order," and Rule 70 is thus inapplicable.  (ECF No. 34 at PageID 97.) (quoting United States v. One (1) Douglas A-26B Aircraft, 662 F.2d 1372, 1374 (11th Cir. 1981).)