IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| SHELDON GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 21-cv-2518-JPM-tmp |
| | ) |
| FEDEX SUPPLY CHAIN, INC., | ) |
| | ) |
| Defendant. | ) |

---

### REPORT AND RECOMMENDATION

---

Before the court is *pro se* plaintiff Sheldon Green's Motion for Partial Summary Judgment on Plaintiff's Unrebutted Statements, filed on December 1, 2021. (ECF No. 35.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. For the reasons below, the undersigned recommends that Green's motion be denied.

### I.  PROPOSED FINDINGS OF FACT

This action was filed by Sheldon Green on July 2, 2021, in Circuit Court of Shelby County, Tennessee. (ECF No. 1.) On August 11, 2021, defendant FedEx Supply Chain, Inc. ("FedEx") filed a notice of removal in the United States District Court for the Western District of Tennessee. (Id.) Green filed a *pro se* amended

complaint on August 13, 2021, which contained allegations of defamation, libel, unlawful termination, and religious discrimination. (ECF No. 8.)

On December 1, 2021, Green filed a motion for partial summary judgment. (ECF No. 23.) In its entirety, Green's motion states as follows:

- Rule 56 of the Federal Rules of Civil Procedure governs summary judgment for federal courts. Under Rule 56, in order to succeed in a motion for summary judgment, a movant must show 1) **that there is no genuine dispute as to any material fact, and 2) that the movant is entitled to judgment as a matter of law.**

  Time to File this Motion: Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

  There is no genuine dispute against the plaintiff regarding what he witnessed that took place on FedEx's premises. The plaintiff, who filed a motion for Judgment as a Matter of Law and filed objections to the Judges R&R, outlined the proper charges for the witnessed behavior, plaintiff also listed the laws applicable prior from this recent submission along with why the jury, by observation of U.S. Law, technically cannot rule in favor of the defendant. The Plaintiff respectfully asks the court to grant partial summary judgment on Plaintiff's unrebutted statements regarding his uncontradicted eyewitness testimony of Jeff Calo and Ms. Blackburn. Such credible testimony that was documented on behalf of the plaintiff by the defendant in the form of documented discussions. Not only should the burden proof should go to the defendant, who has taken away parts the plaintiff's testimonies that illustrate his point. The plaintiff cited the defendants claims of not knowing relevant information even though it has been documented by the defendant as perjury. The plaintiff would like to further comment on that charge, He noticed he has left out that the action

> that took place was a spoilation of evidence. The
> plaintiff asks that the court notes in their records
> of the defendants acts of dishonesty. The Plaintiff
> is confident in what he witnessed and knows the facts
> and the matters of the case being that he was the
> prime witness. The defendant has absolutely denied
> these accusations but offered not one single
> contradictory statement. The Plaintiff respectfully
> asks the courts to grant partial summary judgment on
> Plaintiff's unrebutted statements. If the Judge would
> like to have an impromptu questioning about the matter
> to rule on this issue then the plaintiff is more than
> happy to oblige.

(ECF No. 35)(emphasis in original). FedEx filed a response on
December 13, 2021. (ECF No. 40.) In their response, FedEx argues
that Green's motion should be denied because it fails to meet the
requirements of Rule 56 and Local Rule 56.1.

## II. PROPOSED CONCLUSIONS OF LAW

Pursuant to Fed. R. Civ. P. 56(a), "the court shall grant
summary judgment if the movant shows that there is no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law." A genuine dispute of material fact
exists "if the evidence is such that a reasonable jury could return
a verdict for the nonmoving party." Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial
burden to "demonstrate the absence of a genuine [dispute] of
material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Local Rule 56.1(a) requires a party moving for summary
judgment to provide "a separate, concise statement of the material
facts." Similarly, Rule 56 of the Federal Rules of Civil

- 3 -

Procedure requires that a party support or challenge factual assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Green's motion does not contain a statement of material facts, citations to the record, or any supporting evidence. Because the motion for summary judgment relies only on unsubstantiated allegations, Green has not carried his burden. See Celotex, 477 U.S. at 323; see also Gunn v. Senior Servs. of N. Ky., 632 F. App'x 839, 847 (6th Cir. 2015) ("'[C]onclusory and unsupported allegations, rooted in speculation,' are insufficient to create a genuine dispute of material fact for trial.") (quoting Bell v. Ohio State Univ., 351 F.3d 240, 253 (6th Cir. 2003)). Additionally, as FedEx notes in their response, at the time the motion was filed, the record in this case consisted solely of the parties' initial disclosures, and discovery is still ongoing. (ECF No. 40 at 2.) Accordingly, it is recommended that Green's motion for partial summary judgment be denied.

### III. RECOMMENDATION

- 4 -

For the above reasons, the court recommends that the motion for partial summary judgment be denied.

Respectfully submitted,


s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

February 18, 2022
Date


**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**