IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHELDON GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-02518-JPM-tmp |
| | ) |
| FEDEX SUPPLY CHAIN, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON
PLAINTIFF'S UNREBUTTED STATEMENTS

Before the Court is the Report and Recommendation of Chief United States Magistrate Judge Tu M. Pham filed on February 18, 2022 (ECF No. 47) with respect to *pro se* Plaintiff Sheldon Green's ("Green") Motion for Partial Summary Judgment on Plaintiff's Unrebutted Statements, filed on December 1, 2021. (ECF No. 35). The Magistrate Judge recommends that the Court deny Plaintiff's Motion. (ECF No. 47 at PageID 149, 153.) Plaintiff filed a timely objection to the Magistrate Judge's Report on March 4, 2022. (ECF No. 51.) Defendant, FedEx Supply Chain, Inc. ("FSC" or "FedEx"), filed a Response to Plaintiff's Objections to Report and Recommendation on March 18, 2022. (ECF No. 53.)

Upon de novo review, the Court ADOPTS the Report and Recommendation of the Magistrate Judge and DENIES Plaintiff's Motion for Partial Summary Judgment.

I.   BACKGROUND

This Motion is before the Court in Green's action for workplace "calumny and slander" against Defendant. (Am. Compl., ECF No. 8 at PageID 24.) Green commenced this action in

Tennessee state court on July 2, 2021 (see Compl., ECF No. 1 at PageID 7), and Defendant removed the case to this Court on August 11, 2021 (ECF No. 1 at PageID 3–4). On August 13, 2021, Green filed a *pro se* amended complaint, in which he alleges "religious discrimination, unlawful termination, defamation of character, and libel etc[.]" (ECF No. 8 at PageID 24.)

On October 7, 2021, Green filed a Motion for Judgment as a Matter of Law. (ECF No. 23.) On November 10, 2021, Chief Magistrate Judge Pham filed a Report and Recommendation, which recommended that Plaintiff's Motion be denied. (ECF No. 30.) The Court adopted the Report and Recommendation and denied Plaintiff's Motion on January 27, 2022. (ECF No. 44.)

Before the Court issued its Order, Plaintiff filed his Motion for Partial Summary Judgment on Plaintiff's Unrebutted Statements on December 1, 2021. (ECF No. 35.) Plaintiff's Motion states in its entirety:

> Rule 56 of the Federal Rules of Civil Procedure governs summary judgment for federal courts. Under Rule 56, in order to succeed in a motion for summary judgment, a movant must show 1) **that there is no genuine dispute as to any material fact, and 2) that the movant is entitled to judgment as a matter of law**.
>
> Time to File this Motion: Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
>
> There is no genuine dispute against the plaintiff regarding what he witnessed that took place on FedEx's premises. The plaintiff, who filed a motion for Judgment as a Matter of Law and filed objections to the Judges R&R, outlined the proper charges for the witnessed behavior, plaintiff also listed the laws applicable prior from this recent submission along with why the jury, by observation of U.S. Law, technically cannot rule in favor of the defendant. The plaintiff respectfully asks the courts to grant partial summary judgment on Plaintiff's unrebutted statements regarding his uncontradicted eyewitness testimony of Jeff Calo and Ms. Blackburn. Such credible testimony that was documents on behalf of the plaintiff by the defendant in the form of documented discussions. Not only should the burden [of] proof [] go to the defendant, who has taken away parts [of] the plaintiff's testimonies that illustrate his point. The plaintiff cited the defendants [*sic*] claims of not knowing relevant information even though it has been documented by the defendant as perjury. The plaintiff would like to further comment on that charge[.] He noticed he has left out that the action that took place was a spoliation of evidence. The plaintiff asks that the court note[] in their records of the defendants [*sic*] acts of dishonesty. The Plaintiff is

> confident in what he witnessed and knows the facts and the matters of the case being that he was the prime witness. The defendant has absolutely denied these accusations but offered not one single contradictory statement. The Plaintiff respectfully asks the courts to grant partial summary judgment on Plaintiff's unrebutted statements. If the Judge would like to have an impromptu questioning about the matter to rule on this issue then the plaintiff is more than happy to oblige.

(Id.)

Defendant filed a Response to Plaintiff's Motion for Partial Summary Judgment on December 13, 2021. (ECF No. 40.) On February 18, 2022, Chief Magistrate Judge Pham filed a Report and Recommendation, which recommended that Plaintiff's Motion be denied. (ECF No. 47.) Plaintiff filed Objections to Judge's Report & Recommendations on March 4, 2022. (ECF No. 51.) Discovery in this case closed on March 15, 2022. (ECF No. 17 at PageID 53.) On March 18, 2022, Defendant filed a Response to Plaintiff's Objections to Report and Recommendation. (ECF No. 53.)

## II. LEGAL STANDARD

### A. Standard of Review

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when

3

a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless"). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See id. at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

B. *Summary Judgment – Rule 56*

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the non-moving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448–49; see also Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587. "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d

911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)) (internal quotation marks omitted).

In order to "show that a fact is, or is not, genuinely disputed," a party must do so by "citing to particular parts of materials in the record," "showing that the materials cited do not establish the absence or presence of a genuine dispute," or showing "that an adverse party cannot produce admissible evidence to support the fact." L.R. 56.1(b)(3); Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting Celotex, 477 U.S. at 325)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" Martinez, 703 F.3d at 914 (alteration in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 F. App'x. 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008), abrogation recognized by Anderson v. City of Blue Ash, 798 F.3d 338 (6th Cir. 2015)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law.'" Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 251–52). Summary judgment "'shall be entered' against the non-moving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.'" Rachells v. Cingular Wireless Emp. Servs., LLC, No. 1:08CV02815,

2012 WL 3648835, at *2 (N.D. Ohio Aug. 23, 2012) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990)). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Liberty Lobby, 477 U.S. at 251). "[I]n order to withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position." Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (citing Liberty Lobby, 477 U.S. at 247-254; Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). "[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." Rachells, 2012 WL 3648835, at *2 (quoting Thomas v. Christ Hosp. & Med. Ctr., 328 F.3d 890, 894 (7th Cir. 2003)). Statements contained in an affidavit that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. See Mitchell, 964 F.2d at 584–85.

Furthermore, Local Rule 56.1 requires "any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 [to] be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial," with "[e]ach fact [therein] . . . supported by specific citation to the record." L.R. 56.1(a). The Rule further provides that "[i]f the movant contends that the opponent of the motion cannot produce evidence to create a genuine issue of material fact, the proponent shall affix to the memorandum copies of the precise portions of the record relied upon as evidence of this assertion." Id.

### III.   ANALYSIS

Chief Magistrate Judge Pham's Report and Recommendation made the following Proposed Conclusion of Law:

> Green's motion does not contain a statement of material facts, citations to the record, or any supporting evidence. Because the motion for summary judgment relies only on unsubstantiated allegations, Green has not carried his burden. See Celotex, 477 U.S. at 323; see also Gunn v. Senior Servs. of N. Ky., 632 F. App'x 839, 847 (6th Cir. 2015) ("'[C]onclusory and unsupported allegations, rooted in speculation,' are insufficient to create a genuine dispute of material fact for trial.") (quoting Bell v. Ohio State Univ., 351 F.3d 240, 253 (6th Cir. 2003)). Additionally, as FedEx notes in their response, at the time the motion was filed, the record in this case consisted solely of the parties' initial disclosures, and discovery is still ongoing. (ECF No. 40 at 2.) Accordingly, it is recommended that Green's motion for partial summary judgment be denied.

(ECF No. 47 at PageID 152.)

Although Defendant asserts in its Response to Plaintiff's Objections that "Plaintiff has failed to make any specific objection to any of the findings in the Report and Recommendation" (ECF No. 53 at PageID 165), the Court finds that Plaintiff's objections specifically respond to the Proposed Conclusions of Law in the Report and Recommendation. Thus, the Court reviews these conclusions of the Report and Recommendation de novo. Fed. R. Civ. P. 72(b)(3).

***Plaintiff Has Not Met the Requirements for a Motion for Summary Judgment under Rule 56 and Local Rule 56.1.***

Plaintiff objects to the Magistrate Judge's "misnomer of [Plaintiff's] claim being 'unsubstantiated allegations' as false, and outdated." (ECF No. 51 at PageID 161.) (See ECF No. 47 at PageID 152.) Plaintiff states that he "is citing" his own affidavit, his own deposition, Ms. Blackburn's deposition, and his interrogatories to Defendant, which he alleges Defendant failed to truthfully answer. (Id.) Plaintiff states that "there is one last deposition the plaintiff needs to conduct" and contends that he "has provided plenty of evidence and facts of the case that has [*sic*] gone unnoticed by the judges, and even been dismissed." (Id.) Plaintiff references the Magistrate Judge's Order denying his Motion to Submit Audio Recordings (ECF No. 50). (Id.) He asserts

7

that "the issue is that the courts have yet to acknowledge the plaintiffs claims that were substantiated by Affidavits, Depositions, Interrogatories, Documents, Audio Recordings, Emails, and many other things of the like." (Id.)

Plaintiff further states that Defendant "has made no attempts to provide any contradictory information or evidence that disputes any of the plaintiff's claims." (Id.) He asserts that Defendant has not substantiated its "statement of facts" with evidence and that Defendant "failed to even comment on the plaintiff's claims or provide facts[,] despite the plaintiff's attempts of providing all the facts he can." (Id.) Green contends that "[t]he actions of the defendant failing to support [its] own facts and address the plaintiff's facts [] are in direct violation of FRCP rule 56(c) Failing to Properly Support or Address a Fact." (Id.)

Green also contends that the Court "has yet to:

> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
> (4) issue any other appropriate order.

(Id.) (referencing Fed. R. Civ. P. 56(e).)

Reviewing Plaintiff's Motion de novo, the Court finds that Plaintiff has not met the requirements for a motion for summary judgment under Rule 56 and Local Rule 56.1. Although Plaintiff references affidavits, depositions, eyewitness testimony, and other alleged evidence in both his Motion and his Objections, he has not attached these documents as exhibits as required under the Local Rules, nor has he otherwise provided any specificity that would enable the Court to understand to which purported facts he is referring.[1] (See ECF Nos. 35, 51.) He has also not

---

[1] Plaintiff asserts that he "is confident in what he witnessed and knows the facts and the matters of the case[,] being that he was the prime witness." (ECF No. 35.) Plaintiff, however, has not attached or cited to any particular affidavit or other materials regarding such facts, as required under the Federal and Local Rules.

8

included a statement of facts with his Motion.  It is possible that Plaintiff believes that the statements of facts he included with his previous Motion for Judgment as a Matter of Law (see ECF Nos. 27, 29) satisfy this requirement; they do not.  Moreover, Plaintiff's attempts to reference or relitigate the "charges" against Defendant from his Motion for Judgment as a Matter of Law are unavailing here.  (See ECF No. 35.)  The Court already explained why Plaintiff's bare recitation of unsupported "facts" and largely irrelevant statutes amounted to the same type of unsubstantiated allegations that are insufficient (or irrelevant) here as well.  (See ECF No. 44 at PageID 141–45.)  Plaintiff also newly accuses the Defendant of "spoliation of evidence" in his Motion.  (ECF No. 35.)  Aside from this being an untimely argument, Plaintiff has not cited to any part of the record that would allow the Court to find for him on this issue.  (Id.)

Plaintiff misunderstands his and Defendant's respective burdens of proof and production under the summary judgment standard.  In his Motion, he attempts to tie his "spoliation of evidence" claim to the present Motion by asserting that "the burden [of] proof should go to the defendant, who has taken away parts of the plaintiff's testimonies that illustrate his point."  (Id.)  He also claims that Defendant "has absolutely denied [Plaintiff's] allegations but offered not one single contradictory statement."  (Id.)  Plaintiff repeats similar statements in his Objections, as detailed above.  (See ECF No. 51.)  Plaintiff attributes a burden to Defendant that Rule 56 does not support.  It is Plaintiff as the movant who must "show[] that there is no genuine dispute as to any material fact and [that he] is entitled to judgment as a matter of law" by "citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(a), (c)(1)(A).  See also Mosholder, 679 F.3d at 448 (citing Celotex, 477 U.S. at 323).  Only then does the burden shift to Defendant as the nonmovant to show a genuine dispute of fact by likewise citing to and discussing specific portions of the record.  Mosholder, 679 F.3d at 448–49.  See also Fed. R. Civ P. 56(c)(1), (e).  Plaintiff has

9

not met his burden, as discussed above, and he cannot shift the burden to Defendant. As Defendant asserts in its Response to Plaintiff's Motion, because Plaintiff has not properly supported his assertions nor included a statement of material facts, "Defendant can neither respond to any facts set forth by the Plaintiff nor set forth Defendant's own citations to the record to dispute Plaintiff's assertions, as would ordinarily be the case under Local Rule 56.1(b)." (ECF No. 40 at PageID 110.)

Green also objects that the Court has not yet acted pursuant to Rule 56(e), as detailed above. (ECF No. 51.) First, the remedies available under that subsection are discretionary with the Court. Fed. R. Civ. P. 56(e) ("the court may . . . .") (emphasis added). Moreover, if Plaintiff is suggesting that the Court should consider Plaintiff's asserted facts undisputed or grant him summary judgment based on these facts, due to Defendant's alleged "failure to properly support or address a fact," the Court has already explained why that argument lacks merit. Id. 56(e)(2)–(3). If Plaintiff is, alternatively, suggesting that the Court has not "give[n] [Plaintiff] an opportunity to address the fact[s]" that the Magistrate Judge found Plaintiff failed to properly support, that argument also fails. Id. 56(e)(1). Plaintiff had opportunities to correct the shortcomings in his Motion by filing a Reply to Defendant's Response or within his Objections to the Report and Recommendation, but he did not take either of these opportunities to cite to and attach particular portions of the record or explain how those portions demonstrate the absence of a material dispute of fact.

In sum, Plaintiff has failed to meet the requirements for a motion pursuant to Rule 56. Plaintiff's Motion for Partial Summary Judgment must be DENIED, as recommended by the Magistrate Judge.

**IV.  CONCLUSION**

Upon de novo review, the Court ADOPTS the Report and Recommendation of the Magistrate Judge in full. Accordingly, Green's Motion for Partial Summary Judgment on Plaintiff's Unrebutted Statements is DENIED.

**IT IS SO ORDERED**, this 22nd day of March, 2022.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE