IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| SHELDON GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )       No. 21-cv-2518-JPM-tmp |
| | ) |
| FEDEX SUPPLY CHAIN, INC., | ) |
| | ) |
| Defendant. | ) |

_____

ORDER DENYING MOTION TO RECUSE

_____

Before the court is *pro se* plaintiff Sheldon Green's "Motion Seeking Disqualification or Recusal of Trial Judge of Court of Record: Judge Tu Pham and Judge Jon Phipps McCalla." (ECF No. 60.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

## I. BACKGROUND

This action was filed by Sheldon Green on July 2, 2021, in Circuit Court of Shelby County, Tennessee. (ECF No. 1.) On August 11, 2021, defendant FedEx Supply Chain, Inc. ("FedEx") filed a notice of removal in the United States District Court for the Western District of Tennessee. (Id.) Green filed a *pro se* amended complaint on August 13, 2021, which contained allegations of

defamation, libel, unlawful termination, and religious discrimination. (ECF No. 8.)

The present motion was filed on April 20, 2022. Green argues that the presiding District Judge and the undersigned Magistrate Judge should recuse from this case due to failing to find FedEx in violation of Federal Rule of Civil Procedure 26(a)(1)(A)(ii) and ruling against Green on several motions. (ECF No. 60) Green further alleges that the undersigned engaged in *ex parte* communications with defense counsel during Green's deposition. (Id.) On April 21, 2022, Green filed an "affidavit," which simply states "Information provided in motion to recuse is accurate and to the best of my knowledge." (ECF No. 62.) On April 27, 2022, FedEx filed a response in opposition, arguing that the motion should be denied because it fails to cite a rule applicable to this court, and that none of Green's allegations would lead "a reasonable person with knowledge of all the facts to conclude that the Court's impartiality might reasonably be questioned." (ECF No. 64.) On April 28, 2022, Green filed a document titled "Correction to ECF No. 60," which states that his motion for recusal is being brought pursuant to the Code of Conduct for United States Judges, Canon 2(A), rather than Rule 10(b) of the Tennessee Supreme Court. (ECF No. 66.)

## II.  ANALYSIS

Judges are presumed impartial, and the moving party carries the burden of demonstrating that recusal or disqualification is

warranted. Burley v. Gagacki, 834 F.3d 606, 616 (6th Cir. 2016) (citing Consol. Rail Corp. v. Yashinsky, 170 F.3d 591, 597 (6th Cir. 1999)). 28 U.S.C. § 455(a) provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[1] Reasonableness is judged objectively; "the statute requires a judge to recuse if a reasonable objective person, knowing all of the circumstances, would have questioned the judge's impartiality." Ragozzine v. Youngstown State Univ., 783 F.3d 1077, 1079 (6th Cir. 2015) (quoting Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir. 1990) (internal quotation marks omitted)). A judge should also recuse "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b). Also relevant is 28 U.S.C. § 144, which states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]

---

[1] Although Green cites only to Canon 2(A) of the Code of Conduct for United States Judges, the court also addresses Green's motion as it were made under 28 U.S.C. §§ 144, 455.

"It is well settled that sections 144 and 455 must be construed *in pari materia*." United States v. Owens, No. 2:17-cv-2788-JPM-cgc, 2018 WL 7075600, at *1 (W.D. Tenn. Nov. 30, 2018) (citing United States v. Story, 716 F.2d 1088, 1091 (6th Cir. 1983) (internal quotations omitted)). "[D]isqualification under section 455(a) must be predicated as previously under section 144, upon extrajudicial conduct rather than on judicial conduct." Id. (quoting City of Cleveland v. Krupansky, 619 F.2d 576, 578 (6th Cir. 1983)).

The Supreme Court has observed that bias that requires recusal must be personal or extrajudicial. Liteky v. United States, 510 U.S. 540, 555 (1994). "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." United States v. Nelson, 922 F.2d 311, 319–20 (6th Cir. 1990) (internal quotation marks omitted). The Supreme Court has held that the "extrajudicial source" doctrine applies to both § 455(a) and § 455(b). See Liteky, 510 U.S. at 555. Therefore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555. "[O]nly in the rarest circumstances" can rulings "evidence the degree of favoritism or antagonism required" to justify recusal. Id. No matter how strongly or forcefully a party demands recusal, a merely subjective view of bias or impartiality does not require a judge to recuse.

- 4 -

Hopson v. Gray, No. 5:21-cv-704, 2021 WL 4894311, at *3 (N.D. Ohio
Oct. 20, 2021) (citing In re Polyurethane Foam Antitrust Litig.,
No. 17-3361, 2017 WL 8791098, at *4 (6th Cir. Dec. 14, 2017)).

A reasonable, objective person with knowledge of all the
circumstances would not question the undersigned or presiding
District Judge's impartiality based on the court's purported
failure to find FedEx in violation of their duty to disclose under
Rule 26(a)(1)(A)(ii). Although Green has accused FedEx of
withholding documents in several filings, these issues were never
properly raised via a motion supported by evidence of wrongdoing
on the part of FedEx. Thus, the court has not ruled on any such
motion, and even if it did, such a ruling would not be a basis for
recusal.

Green's assertion that the undersigned engaged in an *ex parte*
communication with counsel for FedEx during Green's deposition is
incorrect. An *ex parte* communication is "[a] communication between
counsel or a party and the court when opposing counsel or party is
not present." *Ex parte communication*, Black's Law Dictionary (11th
ed. 2019). As FedEx correctly notes in their response to this
motion, the phone call in question was placed by counsel for FedEx
during Green's deposition, at which Green was (obviously) present.
During the call, Green addressed the undersigned regarding the
deposition dispute. (ECF No. 64.) Additionally, the issue that was
the subject of the phone call was resolved in Green's favor. (Id.)

The remainder of Green's allegations relate to the undersigned and presiding District Judge's purported failure to rule in Green's favor. Green has not demonstrated that the undersigned or presiding District Judge has any personal or extra-judicial bias against him, and simply ruling against a party is not a basis for recusal. <u>Liteky</u>, 510 U.S. 540, 555 (1994); <u>Burley</u>, 834 F.3d at 616.

The undersigned has concluded that there is no objective basis upon which bias, prejudice, or partiality requires the court to recuse itself pursuant to § 455. However, the court is aware of the fact that, in order to ensure public confidence in the judicial process, the court must avoid even an appearance of impropriety. <u>Huth v. Hubble</u>, No. 5:14-cv-1215, 2016 WL 6610808, at *5 (N.D. Ohio Feb. 23, 2016) (citing <u>Union Planters Bank v. L & J Dev. Co.</u>, 115 F.3d 378, 383 (6th Cir. 1997)). The Code of Judicial Conduct requires that a judge disqualify themself where a judge's impartiality might reasonably be questioned. <u>Id.</u> (citing Canon 2(A) and 3(C)(1) of the Code of Judicial Conduct for United States Judges). "Although mindful of its duty to sit where disqualification is not required, there are circumstances where it may be appropriate for a judge to disqualify [themself], even when no actual partiality, bias, or prejudice exists." <u>Id.</u> This is not such an instance. Besides Green's own subjective belief that disqualification is warranted, he has provided no ground upon which

the undersigned or the presiding District Judge should recuse from hearing this case.

### III.   CONCLUSION

For the above reasons, Green's motion for recusal is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 29, 2022
Date