```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

SHELDON GREEN,                    )
                                  )
     Plaintiff,                   )
                                  )
v.                                )   No. 21-cv-2518-JPM-tmp
                                  )
FEDEX SUPPLY CHAIN, INC.,         )
                                  )
     Defendant.                   )
_____

                    REPORT AND RECOMMENDATION
_____
```

Before the court is *pro se* plaintiff Sheldon Green's Motion to Strike Affirmative Defense, filed on April 20, 2022. (ECF No. 61.) Defendant FedEx Supply Chain, Inc. ("FedEx") responded on April 26, 2022. (ECF No. 63.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. For the reasons below, the undersigned recommends that Green's motion be denied.

## I. PROPOSED FINDINGS OF FACT

This action was filed by Sheldon Green on July 2, 2021, in Circuit Court of Shelby County, Tennessee. (ECF No. 1.) On August 11, 2021, FedEx filed a notice of removal in the United States District Court for the Western District of Tennessee. (Id.) Green

filed a *pro se* amended complaint on August 13, 2021, which contained allegations of defamation, libel, unlawful termination, and religious discrimination. (ECF No. 8.) FedEx served their answers to Green's original complaint and amended complaint on August 16, 2021 and August 17, 2021, respectively, and filed an amended answer on October 1, 2021. (ECF Nos. 9, 10, 20.)

On April 20, 2022, Green filed a motion to strike. (ECF No. 61.) The argument section of Green's motion states the following:

> Comes now, the Plaintiff pursuant to F.R.C.P. Rule 12 asks the courts to strike the defendants' redundant pleadings. The Defendant outright denies the plaintiff's claims in his complaint without providing any other contradicting narrative. The defendant has refused to go further in detail with the plaintiff's claims, and even omitted critical information that confuses the issues with irrelevant information, which is in violation of 37 CFR § 11.303 – Candor toward the tribunal which states: § 11.303 Candor toward the tribunal.
>
> (a)  A practitioner shall not knowingly:
>
> (1)  Make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the practitioner.
>
> **Why is the Defendant Guilty of Candor:** according to document "Bates stamped: S. Green 000043-55", the defendant has omitted the Plaintiff's real reason for going to H.R. It's clearly obvious that the plaintiff didn't just go in there to talk about God etc. and make himself look foolish. The "elephant in the room" was the false allegations pursued by Jeff Calo, which the defendant has omitted. The plaintiff felt confident to come up into an office to make these statements because (1) He Witnessed what has taken place in full. (2) He asked Jeff Calo and Nyla Blackburn separately about the topic of their

> conversation on the very next day and got different
> answers. The plaintiff specifically came to the office
> after that incident to report not only what has taken
> place but the topics of their conversation that
> differed. That is the reason why the plaintiff was
> awarded paid time off pending the investigation.

(Id.) FedEx filed a response on April 26, 2022, which argues that Green's motion should be dismissed because it is untimely. (ECF No. 63.) Additionally, FedEx and their counsel "deny in the strongest possible terms either making any false statements or failing to correct a false statement." (Id. at 2.) FedEx further argues that the regulation cited by Green, 37 CFR § 11.303, "applies to proceedings before the United States Patent and Trademark Office," and therefore is not applicable to this case. (Id.) (citing 37 CFR § 11.1 (2021)).

## II. PROPOSED CONCLUSIONS OF LAW

Pursuant to Fed. R. Civ. P. 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The standard to strike under Rule 12 is high, and "[g]enerally, motions to strike are disfavored by the court." Griffin v. Bank of America, N.A., 2:14-cv-02335, 2014 WL 12531103, at *1 (W.D. Tenn. Oct. 7, 2014) (quoting Johansen v. Presley, 977 F. Supp. 2d 871, 877 (W.D. Tenn. 2013)); see also HCRI TRS Acquirer, LLC v. Iwer, 708 F. Supp. 2d 687, 698 (N.D. Ohio 2010) (stating "courts should disfavor motions to strike affirmative defenses 'because they potentially serve only to cause delay'").

The undersigned recommends that Green's motion to strike be denied for several reasons. First, it is untimely. A motion to strike must be made "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Here, FedEx served their amended answer to Green's amended complaint on October 1, 2021. (ECF No. 20.) Green waited 201 days before filing his motion to strike. (ECF No. 61.) Therefore, Green's Motion to Strike should be denied as untimely.

Second, the court finds no basis to strike any of FedEx's affirmative defenses under Rule 12(f). FedEx's affirmative defenses include: (1) Green's complaint fails to state a claim upon which relief can be granted; (2) Green is not entitled to monetary relief because he failed to properly mitigate his damages; (3) Green's defamation claims fail as a matter of law because the statements made by defendant, if any, are not defamatory because they are true; (4) Green's discrimination claims fail because FedEx exercised reasonable care to prevent and promptly correct any discrimination; (5) Green is not entitled to punitive damages because he failed to plead facts that support a punitive damages award; (6) Green's claims are barred in whole or in part because he cannot establish proximate cause or a breach of duty; (7) Green's claims seeking equitable relief fail based on the doctrines of estoppel, waiver, and unclear hands; and (8) FedEx reserves the right to amend its answer and assert further additional defenses that may be established later during discovery. (ECF No. 9.) While green may disagree with the defenses, the undersigned finds that none of FedEx's affirmative defenses rise to

the level of being "redundant, immaterial, impertinent or scandalous." Fed. R. Civ. P. 12(f).

Third, Green's allegation that FedEx violated 37 CFR § 11.303 is baseless because that regulation only applies to proceedings before the United States Patent and Trademark Office. 37 CFR § 11.1 (2021) ("This part governs solely the practice of patent, trademark, and other law before the United States Patent and Trademark Office.")

Fourth, Green's claim that FedEx's affirmative defenses should be stricken because FedEx violated their duty of candor to the court is without merit. Based on the current record, the court does not find that FedEx has made any misrepresentations to the court. However, even if they had, a violation of the duty of candor is not a basis for a motion to strike under Rule 12(f).

### III. RECOMMENDATION

For the above reasons, the undersigned recommends that Green's motion to strike be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 29, 2022
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S**

**OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**