**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

| | |
|---|---|
| SHELDON GREEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 21-cv-2518-JPM-tmp |
| | ) |
| FEDEX SUPPLY CHAIN, INC., | ) |
| | ) |
|     Defendant. | ) |

_____

**REPORT AND RECOMMENDATION**

_____

Before the court is *pro se* plaintiff Sheldon Green's Renewed Motion for Summary Judgment, filed on March 30, 2022. (ECF No. 58.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. For the reasons below, the undersigned recommends that Green's motion be denied.

## I.  PROPOSED FINDINGS OF FACT

This action was filed by Green on July 2, 2021, in the Circuit Court of Shelby County, Tennessee. (ECF No. 1.) On August 11, 2021, defendant FedEx Supply Chain, Inc. ("FedEx") filed a notice of removal in the United States District Court for the Western District of Tennessee. (Id.) Green filed a *pro se* amended complaint on August 13, 2021, which contained allegations of defamation,

libel, unlawful termination, and religious discrimination. (ECF
No. 8.)

On December 1, 2021, Green filed a motion for partial summary
judgment. (ECF No. 23.) The undersigned entered a Report and
Recommendation on February 18, 2022, which recommended that the
motion be denied because it did not contain a statement of material
facts, citations to the record, or any supporting evidence. (ECF
No. 47.) Green filed an objection on March 4, 2022. (ECF No. 51.)
On March 22, 2022, presiding District Judge Jon P. McCalla adopted
the undersigned's Report and Recommendation and denied Green's
motion for partial summary judgment. (ECF No. 54.)

On March 30, 2022, Green filed the present motion. Although
in his motion Green states that he is "mov[ing] for summary
judgment on all the claims in the complaint," the motion only
explicitly addresses his defamation claim. (ECF No. 58.) Green
argues that FedEx "has failed to provide ANY contradictory
information to refute the plaintiff's claims." (Id.) In his motion,
Green cites to two other documents, "Confession of Nyla Blackburn"
and "Affidavit of Plaintiff," claiming that these documents
"clearly prove the plaintiff's claims."[1] (Id.)

---

[1]Green also mentions FedEx's response to Green's first set of
interrogatories. However, these responses are not included with
Green's motion. (ECF No. 58.)

The "Confession of Nyla Blackburn" appears to be a notarized

document signed by Blackburn, which states the following:

> I Nyla Blackburn confess to the plaintiff's claims in
> the ongoing case Sheldon Green Vs. FedEx Supply Chain
> Inc. (Case No#: 2:21-cv-02518-JPM-tmp) as correct. Not
> only are all of his claims correct, and after
> understanding who "Jeff Calo" is and the contents of
> this case, I Voluntarily release this admission on my
> own accord under 18 U.S. Code § 3501-Admissability of
> confessions. Jeff Calo attempted and intended to gain
> false testimony, the plaintiff is innocent. I didn't
> recall Jeff Calo at first, but after fully understanding
> all the facts of the case I do recall what took place
> and I would like to verify that the plaintiff's claims
> are true. God weighed on my heart to come clean. I didn't
> understand why Jeff Calo wanted me to talk to Sheldon
> Green but after clearly understanding what's going on,
> it is not in my character to discredit an innocent man.
> I didn't understand the intentions FedEx held. I do
> understand that this is voluntary and can be used against
> me. I understand that this is not required by law, I
> have reached out to Sheldon Green on my own accord to
> submit this in and see God's children receive their due
> justice and the guilty to receive justice. I have been
> briefed on the contents of this case by Sheldon Green
> and have gotten Sheldon Green to type this the way I
> wanted and with respect to the law, that is the only
> assistance I have received from the plaintiff's counsel.
> I understand that this is legally binding[.]

(ECF No. 56.)

Green's affidavit states:

> I hid behind some boxes 3 feet away from Jeff Calo when
> I overhead Jeff Calo clearly ask Ms. Blackburn, after
> talking to me, then approached by Jeff Calo was asked
> 'Did you talk to him yet?' Ms. Blackburn then responded,
> 'yes but he doesn't want to talk to me.' Jeff Calo
> responded, 'Get him to talk to you.' I instantly reported
> these actions I witnessed to the nearest manager and
> H.R., who both said I must bring this information to
> Jeff Calo's attention, who upon hearing this proceeded
> to kick me out of his office angrily and visibly red and
> tells H.R. that I am a liar. I asked him what he said to

- 3 -

Ms. Blackburn (not present), and he responded, 'salary increases' was the topic but when I asked Ms. Blackburn the topic of their conversation she responded, 'Saturdays off'. I already know Ms. Blackburn and Jeff Calo were talking about me because I was the Only one she attempted to have a conversation with but failed because I didn't want to talk to her, She found me promptly after talking with Jeff Calo about the issue I'm bringing up, and I saw her behavior and arrival to workstation as suspicious because she was previously moved from a workstation where she admitted to me that she was being sexually harassed at, to another work station where the FedEx staff is under the impression that I might be prone to sexually harassing women like Ms. Blackburn, who was obviously attractive in the eyes of society, but was an obvious setup to me. Many times, I had to cut the conversation short because it went from work related topics to random topics that are unrelated to work and prompt a response from me to go further into it. When I refused to go further, Ms. Blackburn would try to pull me back in the conversation in a suspiciously desperate manner, and the conversation was rather mundane and off topic. After getting Ms. Blackburn to admit she was talking to Jeff Calo about Saturdays off I ceased all conversation with her because I clearly knew then that she was lying and is caught with conflicting stories. After I got this fact, I went to H.R. who reluctantly met with me and eventually believed my story and gave me paid time off because Jenna was empathetic. Even after my arrival back from paid time off I overhead Jeff Calo and Audrey Windham talking about getting rid of 'him' who 'was putting a squeeze on us.' 2 days later, Audrey Windham and an unknown manager unfamiliar with my issues terminated me on the condition that my final point accrued was for being 1 minute late past the grace period. They brought up somethings I never received a warning for after my final strike but failed to mention the other days they penalized me were due to taking leave for fear that I may have covid and depression as stated to Jenna Mednikow. I asked to speak to H.R. but Audrey Windham refused and 'only until I leave, then I can talk to them on the phone.' I followed what God told me to do and he told me to seek justice through the courts and the amount to sue and now fast forward, we are here.

(ECF No. 57.)

FedEx filed a response on April 29, 2022, arguing that the motion should be denied because it does not comply with Local Rule 56.1(a) and Federal Rule of Civil Procedure 56(c)(1). (ECF No. 68 at PageID 208.) FedEx further objected to the consideration of the "Confession of Nyla Blackburn" document, stating that because this is not a criminal matter, 18 U.S.C. § 3501 is not applicable, and arguing that portions of the document are inadmissible under Federal Rules of Evidence 602 and 802. (Id. at PageID 208-11.) On May 3, 2022, Green filed a document titled "Objection to ECF 68," which the undersigned construes as a reply. (ECF No. 69.) A section of the reply is titled "Statement of material facts with particular parts of materials cited," and reads in full:

- Plaintiff now has an admission of guilt from Nyla Blackburn (see Exhibit A)

- Plaintiff has an affidavit of eyewitness account (see Exhibit C)

- In light of Docket #69, the defendant still doesn't have any evidence, conflicting stories, or a different narrative, the defendant has been unresponsive to allegations in defending themselves against the plaintiff's allegations (See Docket #69).[2]

- Its in the Duty of care and scope of duties of the defendant's human resources department to keep up with what was documented and investigated at the behest of the plaintiff. The Defendant has refused to disclose the redacted parts of the documents requested by the plaintiff that omit critical information and misleads the courts in their initial disclosures, which the

---

[2]The undersigned believes that Green is referring to ECF No. 68, FedEx's response to the motion for summary judgment, rather than ECF No. 69, Green's own reply.

plaintiff was very vocal about from the beginning.
(See Docket #69)

- The Defendant's answers to the plaintiff's first set
of interrogatories show that the defendant has gave
plaintiff paid time off pending the investigation into
plaintiff's allegations against Jeff Calo and reasons
why he feels that way. Its safe to infer that the
plaintiff indeed did report those actions of Jeff Calo
because he wouldn't receive paid time off in the first
place pending the investigation into Jeff calo's
actions.    (See    Plaintiff's    first    set    of
interrogatories)

- The deposition of the plaintiff exonerates him of
negative stigma, shows the intent of Jeff Calo, and
incriminates   the   defendant.   (See   plaintiffs
deposition)

- The   Plaintiff   obtained   the   audio   recorded
investigation, questioning the plaintiff to obtain
the full story, which was not accepted into evidence
even when told what is in it and why the plaintiff is
trying to mark it as an exhibit into evidence (See
motion for submission of audio recording)

- The plaintiff exceeded the burden of proof by the
civil lawsuit standard so much so that defendant has
not disputed the plaintiff's facts and due to the
discrepancy in evidence, the defendant will no because
its quite safe to infer not only are they guilty but
will repeat the same behavior of being unresponsive
with allegations and misleading the courts as the
plaintiff was very vocal about from the beginning.

(ECF No. 69 at 3) (errors in original.)

On May 9, 2022, Green filed a document titled "Offer of Proof

in Re Docket 68."[3] (ECF No. 71.) In that document, Green argues

that the "Confession of Nyla Blackburn" should be considered

_____

[3]The same day Green separately re-filed the section of his reply
title "Statement of material facts with particular parts of
materials cited." (ECF No. 72.)

because the hearsay rule "does not apply to self-authenticating evidence" and the document was notarized. Green also explains that Blackburn testified in her deposition that she did not know who Jeff Calo was because she did not "fully understand what all had taken place" at that time. (Id. at PageID 235.) On May 15, 2022, FedEx filed a response to Plaintiff's Offer of Proof, arguing that the mere fact that a document was notarized does not make its contents admissible. (ECF No. 76 at PageID 320.) Additionally, FedEx claims that because Green had provided Blackburn with the information in his affidavit, "[a]ny statement Ms. Blackburn makes now about Jeff Calo's motivations is explicitly based on Plaintiff's accusations against Defendant[.]" (Id. at PageID 321.)

On May 27, 2022, Green filed a document titled "Memorandum of Law in Re Plaintiff's Renewed Motion for Summary Judgment." (ECF No. 78.) Defendant objected to this filing, arguing that it violates the local rules because Green never sought leave to file a sur-reply in support of his original motion. (ECF No. 82 at PageID 329.)

On May 31, 2022, Green filed a document titled "Offer of Proof for Plaintiff's Need for Summary Judgment." (ECF No. 80.) FedEx filed a response to this filing, which contends that the filing does not appear to be an offer of proof but is instead "another rehashing of Plaintiff's conclusory allegations against Defendant." (ECF No. 81 at PageID 328.)

## II. PROPOSED CONCLUSIONS OF LAW

### A.    Green's Sur-replies

Under this court's Local Rules, a moving party may reply to a response to a motion for summary judgment without obtaining the court's permission. LR 56.1(c). Otherwise, "reply memoranda may be filed only upon court order granting a motion for leave to reply. Such motion for leave must be filed within 7 days of service of the response." LR 7.2(c). Green did not seek leave to file any of his four sur-replies, and thus those filings are unauthorized. See Johnson v. Baptist Mem'l Health Care Corp., No. 2:18-cv-02509-SHM-cgc, 2019 WL 25847850, at *4 (W.D. Tenn. Nov. 7, 2019)(striking plaintiff's sur-reply because it was filed in violation of the Local Rules); Bey v. Terminix Int'l, L.P., No. 17-cv-02597, 2018 WL 3552348, at *4 (W.D. Tenn. Jul. 24, 2018)(same). The undersigned will therefore disregard ECF Nos. 71, 72, 78, and 80. However, even if the undersigned were to consider those filings, none of them would remedy the deficiencies in Green's summary judgment motion.

### B.    "Confession of Nyla Blackburn" Document

FedEx first objects to the admissibility of the "Confession of Nyla Blackburn" on the grounds that this is a civil matter to which 18 U.S.C. § 3501 does not apply. (ECF No. 68 at PageID 208.) In her "confession," Blackburn states, "I voluntarily release this admission on my own accord under 18 U.S. Code § 3501." (ECF No.

56.) § 3501 governs the admissibility of confessions in *criminal cases*. Therefore, the document is not admissible pursuant to 18 U.S.C. § 3501.

Fed. R. Civ. P. 56 expressly permits a party seeking or opposing summary judgment to rely on depositions, affidavits, and declarations, and other materials in the record. Fed. R. Civ. P. 56(c)(1)(A). Compressor Eng'g Corp. v. Mfrs. Fin. Corp., 09-14444, 2019 WL 1326035, at *4 (E.D. Mich. Mar. 25, 2019). However, this document does not satisfy the requirements of a declaration or affidavit for summary judgment purposes. Federal Rule of Civil Procedure 56(c)(4) requires that "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." See also Alexander v. CareSource, 576 F.3d 551, 558 (6th Cir. 2009). Due to this requirement, an affidavit or declaration used to support or defend against summary judgment must be "a sworn document or declared to be true under penalty of perjury." Smith v. Prudential Ins. Co. of Am., 864 F. Supp. 2d 654, 659 (M.D. Tenn. 2012) (citing 11 James Wm. Moore *et al.*, Moore's Federal Practice § 56.94[4][a] (3d ed. 2011)); see also Zainalian v. Memphis Bd. of Educ., 3 F. App'x 429, 431 (6th Cir. 2001) ("As Zainalian neither verified his affidavit nor complaint, signed them under oath, nor signed them under penalty of perjury pursuant to 28 U.S.C. § 1746,

the facts averred to therein lacked the force and effect of an affidavit for purposes of responding to a motion for summary judgment."); Finch v. Xavier Univ., 689 F. Supp. 2d 955, 962 (S.D. Ohio 2010) ("[N]one of these affidavits have been notarized and none of the affidavits have been sworn to under penalty of perjury . . . The Court, therefore, may not consider these affidavits in ruling on the motions for summary judgment.").

Although the document is notarized, it does not satisfy the requirements of a sworn affidavit because it does not state that Blackburn swore to the veracity of its contents. (ECF No. 56.) Rather, the notary simply acknowledged that Blackburn was actually who she purported to be. Eady v. Mesilla Valley Transp., No. 3:19-cv-00767, 2020 WL 4496748, at *4 (M.D. Tenn. Jul. 17, 2020). In the absence of such verification, the factual allegations in a notarized document are not sworn for purposes of summary judgment. Id. (citing Rogers v. City of Selma, 178 F. Supp. 3d 1222, 1233 (S.D. Ala. 2016); Brooks v. Longcore, No. 1:11-cv-1060, 2012 WL 4501011, at *5 (W.D. Mich. Jun. 15, 2012), report and recommendation adopted as modified, 2012 WL 4501010 (W.D. Mich. Sept. 28, 2012)).

Unsworn statements may be considered in a declaration if they are "signed, dated, and recite[] that [they were] signed 'under penalty of perjury that the foregoing is true and correct[,]'" but the "Confession of Nyla Blackburn" meets only the first two of

- 10 -

these requirements. <u>Sfakianos v. Shelby Cty. Gov't</u>, 481 F. App'x
244, 245 (6th Cir. 2012) (quoting 28 U.S.C. § 1746(2)). As
submitted, the "Confession" does not meet the requirements of a
proper affidavit or declaration. Thus, under Rule 56(c)(4), the
court cannot consider it as evidence. However, even if the
undersigned were to consider this document, it does not provide
any information that is relevant to Green's summary judgment
motion. Importantly, Blackburn does not provide any evidence that
Calo made any defamatory statements about Green.[4]

## C.    Summary Judgment

Although in his motion Green states that he is "mov[ing] for
summary judgment on all the claims in the complaint," the motion
only explicitly addresses his defamation claim. Therefore, the
undersigned will consider only that claim. (ECF No. 58.) To
establish a *prima facie* case of defamation under Tennessee law,
"the plaintiff must establish that: 1) a party published a
statement; 2) with knowledge that the statement is false

---

[4]In order for FedEx to be held liable for allegedly defamatory
statements made by Calo, Green would need to show that either FedEx
authorized the speaking of the slanderous words, that it would be
necessary for an employee to speak them in the performance of the
duty assigned to the employee, or that the statements had been
ratified by the employer. <u>Craft v. Philips Electronics North
America Corp.</u>, No. 2:12-cv-3024-JPM-dkv, 2013 WL 4498971, at *14
(W.D. Tenn. Aug. 19, 2013) (citing <u>Tate v. Baptist Mem'l Hosp.</u>,
Case No. W1999-00553-COA-R3-CV, 2000 WL 1051851, at *4 (Tenn. Ct.
App. Jul. 28, 2000)). Because the parties do not raise this
argument, the undersigned will not address it here.

and defaming to the other; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." Tidwell v. Holston Methodist Federal Credit Union, No. E2019-01111-COA-R3-CV, 2020 WL 3481537, at *4 (Tenn. Ct. App. Jun. 9, 2020)(quoting  Sullivan v. Baptist Mem'l Hosp., 995 S.W.2d 569, 571 (Tenn. 1999)).

Pursuant to Fed. R. Civ. P. 56(a), "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden to "demonstrate the absence of a genuine [dispute] of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Local Rule 56.1(a)  requires  a  party  moving  for  summary judgment to provide "a separate, concise statement of the material facts." Similarly, Rule 56 of  the  Federal  Rules  of  Civil Procedure requires  that  a  party  support  or  challenge  factual assertions by:

> (A) citing  to  particular  parts  of  materials  in  the
> record,        including       depositions,       documents,
> electronically   stored   information,   affidavits   or
> declarations, stipulations (including those made for
> purposes of the motion only), admissions, interrogatory
> answers, or other materials; or

- 12 -

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Although Green's motion does not include a statement of material facts, his reply includes a section titled "Statement of Material Facts with Particular Parts of Materials Cited." However, his statement of facts consists exclusively of conclusory allegations. (ECF No. 69 at PageID 231.) He cites to the "Confession of Nyla Blackburn," which, as discussed above, must be excluded, as well as his own affidavit.[5] (Id.) Green also cites to FedEx's responses to Green's first set of interrogatories and his own deposition, but neither of these documents were provided to the court.

Green's defamation claim is based on Calo allegedly referring to Green as a rapist. (ECF No. 58.) However, Green does not provide any direct evidence that supports that claim. Even in Green's own "affidavit," he simply recounts overhearing a conversation between Blackburn and Calo, which he assumes was a part of Calo's plot to "catch [an alleged rapist] in the act." (ECF No. 69 at PageID 231.) Further, FedEx attached portions of Green's own deposition to their response, in which Green admits that he does not know whether Calo

---

[5]Green's "affidavit" also does not meet the requirements of a sworn affidavit or a declaration for summary judgment purposes. Smith, 864 F. Supp. 2d at 659.

started the rumor that he was a rapist. When asked whether he knew if Calo or another person in FedEx leadership spread the rumor that he was a rapist, Green responded, "[w]ell, everybody eventually knew. So I — to be honest with you, everybody from up to down knew. So I really . . . can't tell you. I really . . . don't know." (ECF No. 68-2 at PageID 223-24.)

Because Green's motion for summary judgment relies only on unsubstantiated allegations, Green has not carried his burden. See Celotex, 477 U.S. at 323; see also Gunn v. Senior Servs. of N. Ky., 632 F. App'x 839, 847 (6th Cir. 2015) ("'[C]onclusory and unsupported allegations, rooted in speculation,' are insufficient to create a genuine dispute of material fact for trial.") (quoting Bell v. Ohio State Univ., 351 F.3d 240, 253 (6th Cir. 2003)). Accordingly, it is recommended that Green's motion be denied.

## III. RECOMMENDATION

For the above reasons, the court recommends that the Renewed Motion for Summary Judgment be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 21, 2022
Date

## NOTICE

- 14 -

WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS
REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE
SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND
RECOMMENDATIONS.   ANY PARTY MAY RESPOND TO ANOTHER PARTY'S
OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A
COPY.   28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R.
72.1(g)(2).   FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS
MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER
APPEAL.