IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| SHELDON GREEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 21-cv-2518-JPM-tmp |
| | ) |
| FEDEX SUPPLY CHAIN, INC., | ) |
| | ) |
|     Defendant. | ) |

---

REPORT AND RECOMMENDATION

---

Before the court is *pro se* plaintiff Sheldon Green's Motion for Sanctions.[1] (ECF No. 85.) Green filed the motion on June 6, 2022, and defendant FedEx Supply Chain, Inc. ("FedEx") responded on June 13, 2022. (ECF Nos. 85, 88.) For the reasons set forth below, the undersigned recommends that the motion be denied.

I.    PROPOSED FINDINGS OF FACT

On July 2, 2021, Green filed a *pro se* complaint against his former employer, FedEx. (ECF No. 1.) On August 11, 2021, FedEx filed a notice of removal in the United States District Court for

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. Because Green moves for sanctions under Fed. R. Civ. P. 11, the undersigned submits this as a report and recommendation. See Carter v. Hickory Healthcare Inc., No. 17-4199, 2018 WL 4627022, at *2 (6th Cir. Sep. 27, 2018).

the Western District of Tennessee. (Id.) Green filed a *pro se* amended complaint on August 13, 2021, which contained allegations of defamation, libel, unlawful termination, and religious discrimination. (ECF No. 8.)

In his Motion for Sanctions, Green claims that FedEx "has long been in violation of Rule 26 . . . and was put on notice by the plaintiff days after the defendant submitted their initial Disclosures last year in 2021 . . ." (ECF No. 85.) Green's motion also provides a list of actions by FedEx that Green claims violate Federal Rule of Civil Procedure 11(b):

- The Defendant has yet to provide any information documented on the premise at the behest of the plaintiff that implicates the defendant and proves the plaintiff's allegations in his complaint to be true

- The Defendant has yet to disprove the plaintiff's evidence which implicates them in a serious crime, although the defendant objected to the documented being heresay [sic] which is not applicable

- The Defendant has been notified of omitted evidence since last year specifically days after the defendant's initial disclosures were submitted, which was detailed in the plaintiff's objections to the defendant's initial disclosures.

- The Defendant has been given multiple warnings of missing information throughout the course of discovery and has still failed to provide requested information that was documented by their own H.R.

- The Defendant is misleading the courts on the cause of termination and does not address the defendant's actions of trying to implicate the plaintiff in a crime, whether guilty or not.

(Id.) In response, FedEx argues that Green's motion was filed in violation of Local Rule 7.2(a)(1)(B) because Green did not consult with FedEx prior to filing the motion.[2] (ECF No. 88 at PageID 349.) Additionally, FedEx claims that Green violated Federal Rule of Civil Procedure 11 by filing the motion with the court prior to service upon FedEx. (Id.) FedEx also argues that Rule 11 does not apply to the majority of the alleged sanctionable conduct at issue and that the motion lacks specificity. (Id. at PageID 350.)

## II. PROPOSED CONCLUSIONS OF LAW

"Rule 11 imposes on attorneys a duty to reasonably investigate factual allegations and legal contentions before presenting them to the court." Penn, LLC v. Prosper Bus. Dev. Corp., 773 F.3d 764, 766 (6th Cir. 2014) (citing Fed. R. Civ. P. 11(b)). Federal Rule of Civil Procedure 11(b) imposes four requirements on litigants when they make representations to the court. The rule provides:

---

[2] Although Local Rule 7.2(a)(1)(B) authorizes the court to deny a motion based on the moving party's failure to consult, the rule is discretionary in nature. L.R. 7.2(a)(1)(B) ("Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion.") In any event, the court at most would deny the motion without prejudice, allowing Green to refile the motion after consultation. Because the issues have been fully briefed, the undersigned declines to decide this motion under Local Rule 7.2(a)(1)(B).

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1-4). "Rule 11(c)(1) grants the Court discretion to 'impose an appropriate sanction' on an attorney or party '[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated.'" Saia v. Flying J, Inc., No. 15-cv-1045, 2016 WL 1715196, at *3 (W.D. Tenn. Apr. 27, 2016) (quoting Fed. R. Civ. P. 11(c)(1)) (alteration in original).

In addition, Rule 11 includes a mandatory "'safe harbor' which requires a party seeking sanctions for violations of Rule 11 to make a separate motion and 'describe the specific conduct

alleged to violate subdivision (b).'" Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc., No. 12-2143, 2012 WL 3683492, at *3 (W.D. Tenn. Aug. 24, 2012) (quoting Fed. R. Civ. P. 11(c)(2)). "The safe-harbor provision states that '[t]he *motion* must be served under Rule 5' at least twenty-one days before filing it with the court." Penn, LLC, 773 F.3d at 767 (quoting Fed. R. Civ. P. 11(c)(2)) (emphasis and alteration in original). Thus, "the rule specifically requires formal service of a motion." Id.

The record before the court lacks any indication that Green complied with Rule 11's mandatory safe harbor provision.[3] Additionally, the vast majority of Green's allegations involve alleged discovery violations. However, Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d) ; see Jones v. Ill. Cent. R. Co., 617 F.3d 843, 856 (6th Cir. 2010); see generally Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendments ("It is appropriate that Rules 26 through 37, which are specially designed for the discovery process, govern such documents and conduct rather than the more

---

[3]Although Green states in his motion, "[c]omes now, the Plaintiff pursuant to Rule 5," Green does not indicate that he served FedEx with a copy of his motion twenty-one days prior to filing the present motion, as required by Rule 11.

general provisions of Rule 11. Subdivision (d) has been added to accomplish this result.")

At most, Rule 11 is only applicable to Green's last bullet point: "The Defendant is misleading the courts on the cause of termination and does not address the defendant's actions of trying to implicate the plaintiff in a crime, whether guilty or not." (ECF No. 85.) The undersigned finds that Green's allegation lacks factual support and specificity. As to Green's allegation that FedEx is trying to implicate him in a crime, it is unclear what Green is referring to as neither his original nor amended compliant contain any such allegations. (See ECF Nos 1, 8.) Additionally, the undersigned has entered a Report and Recommendation, recommending that FedEx's Motion to Dismiss or for Summary Judgment be granted. (ECF No. 95.) Therefore, the court recommends denying Green's Motion for Sanctions.

### III. RECOMMENDATION

For the above reasons, it is recommended that Green's Motion for Sanctions be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

August 3, 2022
Date

NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**