```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
___

| | |
|---|---|
| **SHELDON GREEN,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 21-cv-2518-JPM-tmp |
| | ) |
| **FEDEX SUPPLY CHAIN, INC.,** | ) |
| | ) |
|     Defendant. | ) |

___

### ORDER DENYING MOTION FOR RULE 37 SANCTIONS
___

Before the court is *pro se* plaintiff Sheldon Green's motion titled "Request to Enter Default Judgment for Failure to Produce Documents."[1] (ECF No. 107.) Although the motion is styled as a motion for default judgment, it appears that Green is seeking discovery sanctions pursuant to Federal Rule of Civil Procedure 37.[2] Green filed the Motion on September 6, 2022, and defendant

___

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2] Although a magistrate judge must generally submit a report and recommendation on a dispositive motion under 28 U.S.C. § 636, "the majority of courts to consider the issue have concluded that when a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the moving party, governs the magistrate judge's authority over the motion." Kindred v. Memphis Light, Gas & Water Division, No. 19-cv-2660-TLP-tmp, 2021 WL 6751896, at *2 (W.D. Tenn. Apr. 21, 2021) (quoting Builders Insulation of Tenn., LLC v. S. Energy Sols., No. 17-cv-2668-TLP-tmp, 2020 WL 265297, at *4-5 (W.D. Tenn.

FedEx Supply Chain, Inc. ("FedEx") responded on September 12, 2022. (ECF Nos. 107, 109.) For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On July 2, 2021, Green filed a *pro se* complaint against his former employer, FedEx. (ECF No. 1.) On August 11, 2021, FedEx filed a notice of removal in the United States District Court for the Western District of Tennessee. (Id.) Green filed a *pro se* amended complaint on August 13, 2021, which contained allegations of defamation, libel, unlawful termination, and religious discrimination. (ECF No. 8.)

On May 15, 2022, FedEx filed a Motion to Dismiss or for Summary Judgment. (ECF No. 75.) On August 3, 2022, the undersigned entered a Report and Recommendation, recommending that the motion be granted and the case be dismissed. (ECF No. 95.) Green filed objections on August 11, 2022. (ECF No. 99.) Green's objections and the entire Report and Recommendation are pending before the presiding district judge.

---

Jan. 17, 2020); see, e.g., Catrinar v. Wynnestone Cmtys. Corp., No. 14-11872, 2017 WL 4349284, at *1, n.1, (E.D. Mich. Sep. 30, 2017); Thurmond v. City of Southfield, No. 15-13167, 2017 U.S. Dist. LEXIS 39360, at *2 n.1 (E.D. Mich. May 26, 2017). Since the undersigned declines to enter default judgment, 28 U.S.C. § 636(b)(1)(A) permits the undersigned to proceed by order rather than report and recommendation.

On September 6, 2022, Green filed the present motion, which states in relevant part:

> Comes Now, the plaintiff pursuant to 49 CFR § 1114.31 (failure to respond to discovery) files a request to enter default judgment in favor of the plaintiff because the defendant has refused to comply with a request for documents and has give the plaintiff a jump drive **absent** of the audio footage of the investigation into Jeff Calo's actions.[3] Aside from the fact that the defendant has now made it a habit to provide incomplete disclosures with documented information in the defendant's control absent in their initial disclosures, Misleading testimonies from staff, and omitted critical information that indicts the defendant in serious crimes detailed in the plaintiff's complaint. Overwhelming amount of evidence against the defendant and a lack of documents and reports by the plaintiff in the custody of the defendant has destroyed their credibility, yet their testimony is adopted by the Judge as accurate. Plaintiff has witnessed Jeff Calo in the act of gaining false testimony from Nyla Blackburn and Nyla has submitted an admission of guilt on the record clarifying that Jeff Calo indeed pursued malicious false testimony against the plaintiff. To a common man the case should've been won by plaintiff[.]

(ECF No. 107 at PageID 463.)

In their response, FedEx explains that they already produced the audio recordings that Green seeks:

> Because the two audio recordings are over an hour long each, the files were too large to transmit via email. Counsel for FedEx saved the first of the audio files to a flash drive for Plaintiff, and as Plaintiff did not have a reliable mailing address at the time, on January 20, 2022, counsel for FedEx left the flash drive at the security desk at FedEx Logistics headquarters, 145 Lt.

---

[3]In their response, FedEx argues that 49 CFR § 1114.31, a rule which governs practice and procedure before the Surface Transportation Board is inapplicable to this case. (ECF No. 109 at PageID 467.) The undersigned agrees and reviews this motion under Rule 37.

>George W. Lee Avenue, Memphis, TN 38103. As of February 10, 2022, Plaintiff had not picked up the flash drive, so counsel for FedEx saved the second audio file to the same flash drive and returned it to the security desk. More than two weeks later, during Plaintiff's deposition, counsel for FedEx confirmed with Plaintiff that he had received the flash drive left for him at the security desk[.]

(ECF No. 109 at PageID 468) (internal citations omitted). FedEx also attached as an exhibit an excerpt from Green's deposition where he confirmed that he had received the flash drive. (ECF No. 109-3 at PageID 474.) FedEx argues that even if there was an issue with the contents of the flash drive, Green has waited too long to raise it. (ECF No. 109 at PageID 468-69.) Because discovery in this case was completed on March 15, 2022, FedEx contends that this motion is untimely. (Id.)

## II.  ANALYSIS

Green seeks a default judgment against FedEx as a result of defendants "refus[ing] to comply with a request for documents" and "giv[ing] the plaintiff a jump drive absent of the audio footage of the investigation into Jeff Calo's actions." (ECF No. 107 at PageID 463.) Under Rule 37(b)(2) of the Federal Rules of Civil Procedure, a district court may sanction parties who fail to obey discovery orders in a number of ways, including dismissal of the action or rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi). The dismissal of an action for non-compliance with a discovery order under Rule 37 is

a sanction of "last resort," one which a court may impose only when "'a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault.'" Peltz v. Moretti, 292 F. App'x 475, 478 (6th Cir. 2008). The same is true for entry of a default judgment as a discovery sanction under Rule 37. Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990) ("Just as dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault, so, too, is entry of default judgment.") (internal quotation marks and citations omitted).

Here, the undersigned finds that sanctions are not appropriate. As to the requests for production, Green has not identified which documents FedEx has allegedly refused to produce. As to the flash drive, on January 20, 2022, counsel for FedEx left it at the security desk at FedEx Logistics headquarters. (ECF No. 109 at PageID 468.) Based on Green's own deposition testimony, it appears that he picked up the flash drive at some point between February 10, 2022 and March 1, 2022. (ECF No. 109-3 at PageID 474.) Discovery closed on March 15, 2022. Until the filing of this motion, Green had not raised any issues about the flash drive with defendants or filed a motion to compel. Even if this motion was construed as a motion to compel, it would be untimely. See FedEx Corp. v. United States, 08-2423 Ma/P, 2011 WL 2023297, at *4 (W.D.

Tenn. 2011) ("Absent special circumstances, motions to compel discovery filed after the close of discovery are untimely.") (collecting cases). Finding no legal or factual basis to impose sanctions, the Motion is DENIED.

### III. CONCLUSION

Based on the foregoing, Green's Motion is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 19, 2023
Date