IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHELDON GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:21-cv-02518-JPM-tmp |
| v. ) | |
| ) | |
| FEDEX SUPPLY CHAIN, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION,**

**GRANTING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT,**

**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF CLAIM,**

**AND**

**DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE**

Before the Court is the Report and Recommendation filed by United States Chief Magistrate Judge Tu M. Pham on August 3, 2022. (ECF No. 95.) That Report and Recommendation was filed with respect to Defendant FedEx Supply Chain's ("Defendant" or "FedEx") Motion to Dismiss or for Summary Judgment, filed on May 15, 2022 (ECF No. 75), Plaintiff Sheldon Green's ("Plaintiff" or "Green") Motion for Reconsideration of Claim, filed on May 27, 2022 (ECF No. 79), and Defendant's Motion to Strike, filed on June 20, 2022. (ECF No. 89.) The Chief Magistrate Judge submits that Defendant's Motion to Dismiss or for Summary Judgment should be granted, Plaintiff's Motion for Reconsideration of Claim should be denied, and Defendant's Motion to Strike should be denied as moot. (ECF No. 95

at PageID 429.) Plaintiff filed an "Offer of Proof" in response to the Chief Magistrate Judge's Report and Recommendation on August 11, 2022, which the Court construes as a timely objection. (ECF No. 99.) Defendant filed a Response to Plaintiff's Objections to Report and Recommendation on August 19, 2022. (ECF No. 100.)

For the reasons discussed below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety.

### I.  BACKGROUND

Plaintiff filed the instant action *pro se* in Tennessee state court on July 2, 2021 (ECF No. 1 at PageID 7–8). Defendant removed the case to this Court on August 11, 2021. (Id. at PageID 3–5.) Plaintiff filed an Amended Complaint on August 13, 2021, alleging "religious discrimination, unlawful termination, defamation of character, and libel" against Defendant. (ECF No. 8.) Defendant filed an Amended Answer to First Amended Complaint on October 1, 2021. (ECF No. 20.)

Defendant filed the instant Motion to Dismiss or for Summary Judgment on May 15, 2022. (ECF No. 75.) That document was accompanied by a Memorandum of Law in Support (ECF No. 75-1), excerpts from the deposition of Green (ECF No. 75-2), a Statement of Undisputed Facts (ECF No. 75-3), the Affidavit of Jeff Calo (ECF No. 75-4), the Affidavit of Audrey Windham (ECF No. 75-5), and the Declaration of Joel Frierson. (ECF No. 75-6). Plaintiff did not file a response, as discussed *infra* at III.a. (See ECF No. 75-3; see also ECF No. 95 at PageID 397.)

Plaintiff filed the instant Motion for Reconsideration of Claim on May 27, 2022. (ECF No. 79.) In this document, Plaintiff states that his Second Amended Complaint (ECF No. 77), which was filed without seeking leave from the Court, includes two new claims: solicitation of a crime and intentional infliction of emotional distress. (ECF No. 79 at PageID

325.) Defendant filed the instant Motion to Strike in response to Plaintiff's Motion for Reconsideration of Claim on June 20, 2022. (ECF No. 89.)

## II. LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless"). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See id. at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

## III. ANALYSIS

### a. The Chief Magistrate Judge's Proposed Findings of Fact

The instant Report and Recommendation takes Defendant's Statement of Undisputed Material Facts as undisputed in its Proposed Findings of Fact. (ECF No. 95 at PageID 397.)

3

Plaintiff objects to Defendant's Statement of Undisputed Facts being taken as undisputed. (ECF No. 99 at PageID 44.)

Plaintiff did not respond to Defendant's Statement of Undisputed Facts. (See ECF No. 75-3; see also ECF No. 95 at PageID 397.) Plaintiff argues that he did file a response but refers the Court to ECF No. 38 as his response. (ECF No. 99 at PageID 444.) ECF No. 38 was filed by Defendant, and was filed on December 10, 2021, approximately six months before the filing of Defendant's Motion to Dismiss or for Summary Judgment. (ECF No. 38.) The Court cannot identify any other document on the record that could be interpreted as a response. Local Rule 56.1 requires that a party opposing a motion for summary judgment "must respond to each fact set forth by the movant by either: (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) demonstrating that the fact is disputed." LR 56.1(b). Furthermore, "[e]ach disputed fact must be supported by specific citation to the record." Id. As Plaintiff did not, in fact, respond to Defendant's Statement of Undisputed Facts, facts contained therein are "undisputed for the purposes of [this] motion." Fed. R. Civ. P. 56(e)(2).

Upon de novo review, the Proposed Findings of Fact set out in the Report and Recommendation are, therefore, **ADOPTED**.

### b. Plaintiff's Miscellaneous Objections

Plaintiff objects that he is being denied the "right to a fair trial" "[p]ursuant to F.R.E[.] Rule 103(3)" and also refers to the evidence before the Court on this Summary Judgment Motion as potentially "mislead[ing] the jury." (ECF No. 99 at PageID 444–45.) "A litigant has no right to a trial if his pleadings fail to survive a motion for summary judgment." United States v. Pratt, 34 F. App'x 191, 193 (6th Cir. 2002) (citing Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir.1996)). These objections "do not address the substance of the Magistrate Judge's

4

report and recommendation and are irrelevant." Zammit v. Internal Revenue Serv., No. 14-14155, 2015 WL 8003234, at *1 (E.D. Mich. Dec. 7, 2015), aff'd, No. 16-2703, 2017 WL 6276122 (6th Cir. June 30, 2017).

### c. Defendant's Motion for Summary Judgment

#### i. Plaintiff's Arguments First Raised in Objections

Plaintiff argues in his objections, for the first time, that he is entitled to relief under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*, and the Families First Coronavirus Response Act, Pub. L. No. 116-127, 134 Stat. 178 (2020), and that therefore summary judgment is inappropriate. (ECF No. 99 at PageID 444.) "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Burley v. Miller, 241 F. Supp. 3d 828, 840 (E.D. Mich. 2017) (citing Ward v. United States, 208 F.3d 216, *1 (6th Cir. 2000)). "[A]bsent compelling reasons, [the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*,] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." Greenhow v. Secretary of Health & Human Servs., 863 F.2d 633, 638–39 (9th Cir. 1988), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992), cert. denied, 507 U.S. 978 (1993). The Court will not consider arguments raised for the first time in Plaintiff's objections.

#### ii. Plaintiff's Exhaustion of his Administrative Remedies

Plaintiff objects that he exhausted his remedies with the Equal Employment Opportunity Commission ("EEOC"), and that the Court should consider the merits of his religious discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§

5

2000e–2000e-17 ("Title VII"). (ECF No. 99 at PageID 445.) "[A]n employee alleging employment discrimination in violation of [Title VII] must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts." Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 362 (6th Cir. 2010) (citing 42 U.S.C. § 2000e–5(e)(1)). The burden of proving administrative exhaustion lies with the plaintiff. Hines v. Pilgrims Pride, 1:19-cv-11-HSM-CHS, 2019 U.S. Dist. LEXIS 38657, at *2 (E.D. Tenn. Feb. 15, 2019). The administrative exhaustion requirement is non-jurisdictional, and thus cannot be waived. Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1850- 51 (2019). While Plaintiff asserts that he filed a charge with the EEOC and that the charge was dismissed, he offers no documentation. (ECF No. 99 at PageID 445.) Plaintiff "must first produce proof of exhaustion of his administrative remedies at the EEOC" to advance a claim under Title VII. Hernandez v. United States, No. 18-11019, 2018 WL 6571199, at *4 (E.D. Mich. Dec. 13, 2018)

Upon de novo review, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge. Accordingly, Defendant's Motion to Dismiss or for Summary Judgment is **GRANTED**.

### d. Plaintiff's Motion for Reconsideration

Because no clear or specific objections were filed regarding Plaintiff's Motion for Reconsideration, the Court reviews the Report and Recommendation for clear error. Fed. R. Civ. P. 72(b)(3). Upon full review of the Magistrate Judge's Report and Recommendation, the Court has not identified any clear error and concurs with the Magistrate Judge's findings. The Report and Recommendation is, therefore, **ADOPTED**. Sheldon Green's Renewed Motion for Summary Judgment is **DENIED**.

### e. Defendant's Motion to Strike

Because no objections were filed regarding Defendant's Motion to Strike, the Court reviews the Report and Recommendation for clear error. Fed. R. Civ. P. 72(b)(3). Upon full review of the Magistrate Judge's Report and Recommendation, the Court has not identified any clear error and concurs with the Magistrate Judge's findings. The Report and Recommendation is, therefore, **ADOPTED**. Defendant's Motion to Strike is **DENIED AS MOOT**.

IV.   **CONCLUSION**

The Court **ADOPTS** the Report and Recommendation of the Magistrate Judge. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED,** Plaintiff's Motion for Reconsideration is **DENIED**, and Defendant's Motion to Strike is **DENIED AS MOOT**.

**SO ORDERED**, this 1st day of March, 2023.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE